## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**JESSIE JAMES HALL**                                                      **PLAINTIFF**

**v.**                                    **3:08-CV-00123 BSM**

**CITY OF WEST MEMPHIS, ARKANSAS,**
**MAYOR WILLIAM H. JOHNSON,**
**INDIVIDUAL LY, AND IN HIS OFFICIAL CAPACITY,**
**OFFICER BAILEY PHILLIPS,**
**INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY,**
**OFFICER JOE BAKER,**
**INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY,**
**OFFICER RICHARD DENNIS,**
**INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY,**
**SGT. ROBERT LANGSTON,**
**INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY,**
**CHIEF BOB PAUDERT,**
**INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY**            **DEFENDANTS**

### ORDER

The motion for partial summary judgment (Doc. No. 21) of defendants, William H. Johnson, Bob Paudert, and the city of West Memphis, Arkansas ("West Memphis"), is granted.

### I. FACTS

On March 28, 2008, West Memphis police officer Richard Dennis arrested plaintiff Jesse James Hall and charged him with marijuana possession, public intoxication, fleeing, and resisting arrest. Incident report attached to defendant's statement of uncontested material facts ("Defts' stmt. of facts"). Hall was detained in the Crittenden County jail. *Id.* Johnson, the mayor of West Memphis, and Paudert, the police chief of West Memphis, were not

present when Hall was arrested and were unaware of Hall's arrest.  Defts' stmt. of facts, ¶ 3-4.

On the night of Hall's arrest, Dennis filed an incident report, pursuant to West Memphis's "use of force" policy, as adopted by the West Memphis City Council.   Affidavit of Robert Paudert, attached to Defts' stmt. of facts; Incident report, Defts' stmt. of facts.  The incident report was approved by Sergeant Robert Langston.  *See* Incident Report.  Detective Joe Baker also filed a "use of force" report that was approved by Langston.  Use of force report attached as Plaintiff's Exhibit 1 to Defts' stmt. of facts.  The report indicates that Langston and Dennis tackled Hall after a short pursuit.  *Id*.  When Hall began kicking detective Bailey Phillips, Baker struck Hall's left thigh to subdue him.  *Id*.

Phillips, Baker, Dennis, and Langston all completed training at the Arkansas Law Enforcement Training Academy ("ALETA") and received periodic training.   Paudert affidavit, ¶ 5.   An officer may receive additional anger management training when a complaint is filed against him.  Paudert deposition, attached to Deft.'s stmt. of facts, 34.

Hall complained that he was assaulted and detective Andrew Clarksenior conducted an internal affairs investigation.  Letter attached to Defts' stmt. of facts.  On April 11, 2008, Clarksenior closed the investigation, finding that Hall's complaint was not meritorious.  *Id*.

Hall filed suit on August 11, 2008, alleging defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 and 1988 and pursuant to 28 U.S.C. § 2201 and 2202.  He further alleges that defendants unlawfully arrested,

assaulted and battered him.

Mayor Johnson and Chief Paudert assert qualified immunity and move for summary judgment on Hall's Fifth Amendment claim. West Memphis moves for summary judgment, asserting that any claims Hall might have were not caused by a policy or custom of the city. Hall objects to Johnson's and Paudert's claims of qualified immunity and asserts that summary judgment should be denied to West Memphis because its "policy of inaction" caused his constitutional rights to be violated.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8 th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8 th Cir. 2008)).

The moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). "The nonmoving party's allegations must be supported by sufficient

probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985)).  Plaintiff as the non-movant "must demonstrate a genuine issue of material fact, that is a dispute that might affect the outcome of the suit under the governing law, so that a reasonable jury could return a verdict for the nonmoving party." *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006) (internal citation and quotation marks omitted).

In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  It does not weigh the evidence or make credibility determinations.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).  The plain language of Rule 56, however, mandates the entry of summary judgment against a non-moving party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial.  *Celotex Corp.*, 477 U.S. at 322.

## III. DISCUSSION

Summary judgment is granted on Hall's claims against West Memphis and against Johnson and Paudert in their individual and official capacities.

A.    <u>Hall's claims against West Memphis and</u>
<u>official capacity claims against Johnson and Paudert</u>

Summary judgment is granted on Hall's claims against West Memphis and against Johnson and Paudert in their official capacities because Hall cannot establish that the city was deliberately indifferent to his constitutional rights.

First, Hall's official capacity claims against Johnson and Paudert are merely a way of suing the city of West Memphis because the city is the actual party in interest when a plaintiff sues a city employee in his official capacity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Second, to hold West Memphis liable, Hall must show that the actions he claims were unconstitutional were carried out pursuant to a policy or custom of West Memphis. *Marchant v. City of Little Rock*, 741 F.2d 201, 204 (8th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-691 (1978)). The Eighth Circuit has defined an official policy as a deliberate choice between various policy alternatives that is made by someone conferred with final authority to establish governmental policy. *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir.1998) (citing *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir. 1990)). The Eighth Circuit also has broadly defined an official custom as pervasive, unconstitutional misconduct by non-policymaking city employees that is either ignored or tacitly approved by city officials. *McGautha v.*

5

*Jackson County, Mo., Collections Dept.*, 36 F.3d 53, 56 (8th Cir. 1994) (citing *Monell*, 436 U.S. at 690-691); *Ware*, 150 F.3d at 882.  The definition is intended to combat leaders' efforts to willfully ignore the actions of their subordinates or to delegate responsibility to avoid liability.  *McGautha*, 36 F.3d at 56-57.  An isolated, single act of misconduct by an employee is not enough to establish a custom, however.  *Id*. at 57.

Defendants move for summary judgment asserting that Hall has identified no custom or policy that caused his constitutional rights to be violated.   Defendants also point out that, during Hall's arrest, the arresting officers complied with the West Memphis police department's use of force policy.

In response, Hall first argues that the defendants instituted a "policy of inaction" even though West Memphis had prior notice of the "violent propensities" of certain police officers.  Hall maintains that West Memphis had clear notice that the police department had an excessive force problem.  He lists five previous excessive force lawsuits, dating back to 2005, that his lawyer filed against West Memphis, Johnson, Paudert, and various police officers.  Hall maintains that West Memphis has done nothing to address its officers' use of excessive force, despite these lawsuits.   He further argues that inaction or laxness can constitute government custom or policy if it is permanent and well settled.

Summary judgment is appropriate because Hall cannot establish that West Memphis was deliberately indifferent to his constitutional rights.  The fact that plaintiff's counsel has filed six excessive force lawsuits in five years does not establish that the deliberate

indifference of West Memphis caused Hall's constitutional rights to be violated.  If Hall's argument was accepted, the door would be opened for the plaintiff's bar to simply file multiple excessive force lawsuits against police officers in order to overcome the Eighth Circuit's rigorous standard in these cases.  That would not only be reversible error, it would be inappropriate.

Further, a city's failure to institute a policy is actionable only if policymakers made a conscious choice not to act.  *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 835, 390 (8th Cir. 2007).   Where a city develops a facially constitutional policy, but it is asserted that the city should have done more to prevent constitutional violations by its employees, a plaintiff must demonstrate that the inadequacies were a product of a deliberate or conscious choice by policymakers.  *Id.*  (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)).  The city is liable only if it was deliberately indifferent to the constitutional rights of its citizens.  *Id.* This standard presents a "high burden" for plaintiffs and is "difficult" to meet.  *See Spencer v. Knapehide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999); *Moyle v. Anderson*, 571 F.3d 814, 818 (8th Cir. 2009).  Indeed, the city's policy must have been obviously inadequate and likely to result in the violation of constitutional rights.  *Moyle v. Anderson*, 571 F.3d 814, 818-819 (8th Cir. 2009).  Simple or heightened negligence is not sufficient.  *Id.*

Hall also argues that, even though the West Memphis police department has a citizen complaint policy, it did not adhere to that policy because it did not conduct a proper investigation of his complaint.  The record, however, even when taken in the light most

favorable to Hall, does not support Hall's contention.  This is true because the uncontested facts show that Clarksenior gave the complaint form to Hall to fill out.  Clarksenior then met with Hall and listened to his side of the story.  Hall then never followed up on the complaint. The record, as it presently stands, is therefore insufficient to overcome summary judgment.

B.    Qualified Immunity on the individual capacity
       claims against Johnson and Paudert

Johnson and Paudert claim qualified immunity and move for summary judgment on Hall's individual capacity claims against them, asserting that Hall has not shown that they violated his rights.

Summary judgment should be entered on the question of qualified immunity if no genuine issue of material fact exists regarding whether the officials' actions were objectively reasonable in light of the legal rules established at the time of their actions.  *Davis v. Hall*, 375 F.3d 703, 711 (8th Cir. 2004).  This is true because government officials are generally shielded from liability for civil damages insofar as their performance of discretionary functions does not violate clearly established constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Therefore, qualified immunity analysis consists of two steps: (1) a determination of whether the officer's conduct violated a constitutional right; and (2) a determination of whether the right was clearly established.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Defendants maintain Hall has not alleged that they committed any specific acts that violated Hall's constitutional rights.  In his response, Hall argues that the arresting officers

8

clearly violated his Fourth Amendment rights when they beat him.  While Hall asserts, in conclusory fashion, that the charges against him were "thrown out" after the district judge disbelieved the testimony of the officers, none of these arguments address how Johnson and Paudert violated his rights.  Hall merely asserts that Paudert "knew he was ultimately responsible for the acts of his officers" and should be liable in a "supervisory capacity."

The record is clear that neither Johnson nor Paudert violated Hall's constitutional rights.  Therefore, summary judgment is granted on Hall's individual capacity claims against Johnson and Paudert.

C.    Fifth Amendment Claim

Defendants assert Hall's Fifth Amendment claim is misplaced because he has not sued any federal employee or entity.  Defendants correctly point out that the due process clause of the Fifth Amendment applies only to the federal government.  *Wickner v. Fabian*, 2007 WL 1201621 (D.Minn. 2007) (quoting *Warren v. Gov't Nat'l Mortgage Ass'n*, 611 F.2d 1229, 1232 (8th Cir. 1980)).  Because Hall did not sue any federal entities, he cannot sustain his fifth amendment claim.  Therefore, summary judgment is granted and Hall's fifth amendment claim is dismissed against all defendants.

## IV. CONCLUSION

For the reasons set forth above, the motion for summary judgment is granted on Hall's claims against the city of West Memphis; on his claims against Johnson and Paudert in their individual and official capacities; and on his fifth amendment claim.  These claims

9

are therefore dismissed with prejudice.

IT IS SO ORDERED this 18th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE